COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

HOUSING COURT DEPT.
BOSTON HOUSING COURT
DOCKET NO.: 09H84CV00162

| |
|---|
| ALANA WALDHOLZ INDIVIDUALLY AND AS NATURAL PARENT AND NEXT FRIEND OF DOMENIK ROBINSON, JA-SHON OLIVER AND JA-ROD MCCLANAHAN,<br>     Plaintiffs,<br><br>v.<br><br>WILSHIRE CREDIT CORPORATION AS ATTORNEY IN FACT FOR LASALLE BANK N.A., AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-MLN1;<br>WILSHIRE CREDIT CORPORATION AS ATTORNEY IN FACT FOR LASALLE BANK N.A., AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-MLN1, TRUSTEE FOR THE 11 ROXTON STREET CONDOMINIUM;<br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF10;<br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF10, TRUSTEE OF THE 11 ROXTON STREET CONDOMINIUM;<br>SIREWL COX, INDIVIDUALLY;<br>SIREWL COX, TRUSTEE OF THE 11 ROXTON STREET CONDOMINIUM TRUST;<br>SABRINA GORDON, INDIVIDUALLY;<br>SABRINA GORDON, TRUSTEE OF THE 11 ROXTON STREET CONDOMINIUM;<br>11 ROXTON STREET CONDOMINIUM; and,<br>BANK OF AMERICA,<br>     Defendants. |

## MOTION OF WILSHIRE CREDIT CORPORATION
## TO DISMISS FIRST AMENDED COMPLAINT

Plaintiffs Alana Waldholz, Domenik Robinson, Ja-Shon Oliver and Ja-Rod

McClanahan (together, the **"Plaintiffs"**) allege that defendant Wilshire Credit

Corporation as attorney in fact for LaSalle Bank, N.A., as Trustee for the MLMI Trust

Series 2006-MLN1 ("**Wilshire**") has breached Massachusetts landlord-tenant law and, as a result, injured the Plaintffs.  Because Wilshire was never at any time the landlord of the Plaintiffs, this Court should dismiss the Plaintiffs' causes of action against Wilshire pursuant to Mass. R. Civ. P. 12(b).

## I.      Statement of Material Facts

1.      On or about November 1, 2007, Larneisha Bryant Alexander (the "**Landlord**") was the owner of 11 Roxton Street, Unit 1, Dorchester, Suffolk County, Massachusetts (the "**Unit**").

2.      On or about November 1, 2007, plaintiff Alana Waldholz entered into a 12-month lease for the Unit with the Landlord.

3.      On July 2, 2008, Wilshire purchased the Unit at a foreclosure sale.

4.      On March 16, 2009, the Plaintiffs filed the <u>First Amended Complaint</u> (the "**Complaint**").

## II.      Conclusions of Law

5.      For the following reasons, this Court should dismiss all counts in the Complaint against Wilshire.

### Standard of Review

6.      Whether a complaint states a viable cause of action is a question of law.  A complaint must be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  A complaint must contain "factual allegations, either direct or inferential,

respecting each material element necessary to sustain recovery under some legal

theory." Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996).  Although,

the Court must accept as true all well-pleaded factual allegations of the Complaint, the

Court is not required to adopt the Plaintiffs' legal conclusions or characterizations or to

rely on drafting technique employed to obscure the substance of the claim.  See Cheney

v. Automatic Sprinkler Corp., 377 Mass. 141, 149-150 (1979).

**Count I**
**Warranty of Habitability Does Not Apply to a Purchaser of Foreclosed Property**

7.     The warranty of habitability does not apply to a purchaser of foreclosed

property.  The warranty of habitability is an implied warranty provided by residential

*landlords* to their tenants.  Crowell v. McCaffrey, 377 Mass. 443, 446-448 (1979); Boston

Hous. Auth. v. Hemingway, 363 Mass. 184, 198-199 (1973) (emphasis added).  As the

Supreme Judicial Court holds in Hemingway:

> The modern view favors a new approach which recognizes
> that a lease is essentially a contract between the landlord and
> the tenant wherein the landlord promises to deliver and
> maintain the demised premises in habitable condition and
> the tenant promises to pay rent for such habitable premises.
> These promises constitute interdependent and mutual
> considerations. Thus, the tenant's obligation to pay rent is
> predicated on the landlord's obligation to deliver and
> maintain the premises in habitable condition … we hold that
> in a rental of any premises for dwelling purposes, under a
> written or oral lease, for a specified time or at will, there is
> an implied warranty that the premises are fit for human
> occupation.

Hemingway, 363 Mass. at 198-199.  In turn, the relation of landlord and tenant arises

out of an agreement, express of implied, by which one enters upon and continues in the

{00191352.DOC}                                        3

occupancy of the premises of another for a consideration.  <u>Story v. Lyon Realty Corp.</u>,

308 Mass. 66, 69-70 (1941).  In this case, no such landlord-tenant relationship exists.

Plaintiff Alana Waldholz entered into a lease agreement with Larneisha Bryant

Alexander, her landlord, on November 1, 2007.  Wilshire purchased the Unit on July 2,

2008 at a foreclosure auction.  <u>Complaint</u>, ¶ 17 (as even the Plaintiffs admit, "At the time

[Wilshire] acquired the premises the Claimant and her family were lawfully living in

the premises").  Therefore, Count I of the Complaint should be dismissed as to Wilshire.

<u>Count II</u>
**Right to Quiet Enjoyment Does Not Apply to a Purchaser of Foreclosed Property**

8.    A tenant's right to quiet enjoyment of leased premises does not apply to a

purchaser of foreclosed property.  Any lessor or landlord of any building or part thereof

occupied for dwelling purposes who directly or indirectly interferes with the quiet

enjoyment of any residential premises by the occupant may be held liable.  <u>Mass. Gen.</u>

<u>Laws c. 186, § 14</u>.  In this case, no such landlord-tenant relationship exists.  Plaintiff

Alana Waldholz entered into a lease agreement with Larneisha Bryant Alexander, her

landlord, on November 1, 2007.  Wilshire purchased the Unit on July 2, 2008 at a

foreclosure auction.  <u>Complaint</u>, ¶ 17 (as even the Plaintiffs admit, "At the time

[Wilshire] acquired the premises the Claimant and her family were lawfully living in

the premises").  Therefore, Count II of the Complaint should be dismissed as to

Wilshire.

## Count III
### The Plaintiffs Have Failed to Allege that Wilshire Retaliated

9.      The Plaintiffs have failed to allege that Wilshire retaliated against them.  It

shall be a defense to an action for summary process that such action or the preceding

action of terminating the tenant's tenancy was taken against the tenant for the tenant's

act of commencing, proceeding with, or obtaining relief in any judicial or administrative

action the purpose of which action was to obtain damages.  Mass. Gen. Laws c. 239, §

2A.  In this case, Wilshire is not the Plaintiff and has not brought a summary process

action.  Therefore, the defense of retaliation is inapplicable in this case and Count III of

the Complaint should be dismissed as to Wilshire.

## Count IV
### Plaintiffs Have Not Alleged a Violation of Anti-Discrimination Laws

10.      The Plaintiffs have not alleged a violation of the Massachusetts anti-

discrimination laws.  It shall be an unlawful practice for the owner of publicly assisted

or multiple dwelling or contiguously located housing accommodations to refuse to rent

or lease or sell or negotiate for sale or otherwise deny to or withhold from any person or

group of persons such accommodations because of the race, religious creed, color,

national origin, sex, sexual orientation, age, genetic information, ancestry or marital

status of such person or because such person is a veteran or member of the armed

forces, or because such person is blind, or hearing impaired or has any other handicap

or because such person or group of persons has a child or children who shall occupy the

premises with such person or group.  Mass. Gen. Laws c. 151B, § 4(6), (11).  In this case,

the Plaintiffs do not allege that any of the defendants are denying the Plaintiffs access to

the Unit for any reason that would constitute discrimination under Massachusetts law.

Indeed, the extent of the Plaintiffs' allegation is "The Tenant is a participant in the

Section 8 Housing Choice Voucher Program and is therefore a member of a protected

class under state anti-discrimination law ... [Wilshire's] actions or failures to act as

detailed herein violate this law." Complaint, ¶ 95.  Therefore, Count IV of the

Complaint should be dismissed as to Wilshire.

<u>Counts V-VIII</u>
**Plaintiffs Have Failed to Allege Any Emotional Distress**

11.      The Plaintiffs' claims for intentional infliction of emotional distress should

be dismissed because they have failed to allege either that Wilshire has engaged in

extreme and outrageous conduct or that the Plaintiffs have suffered severe emotional

distress.  To establish a claim for intentional infliction of emotional distress, the plaintiff

must establish that (1) the defendant acted with an intention to cause the plaintiff

emotional harm, or it knew or should have known that its conduct would cause such

harm, (2) the conduct was "extreme and outrageous" and "beyond all possible bounds

of decency" and "utterly intolerable in a civilized community," (3) the defendant's

conduct caused the plaintiff's emotional distress, and (4) the distress was "severe and of

such a nature that no reasonable person could be expected to endure it."  See Agis v.

Howard Johnson Co., 371 Mass. 140, 144-145 (1976).  To state a claim, there must be

more than "mere insults, indignities, threats, annoyances, petty oppressions or other

trivialities." Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997)

(affirming summary judgment in favor of defendant where the conduct complained of

could not be considered extreme and outrageous).  Rather, the plaintiff must show both

"extreme and outrageous" behavior and "severe emotional distress" that results

therefrom:

> A principal bulwark against excessively broad recovery is
> the requirement that the defendant must have engaged in
> "extreme and outrageous" conduct. [citation omitted]  Thus,
> liability cannot be predicated upon "mere insults,
> indignities, threats, annoyances, petty oppressions, or other
> trivialities," nor even is it enough "that the defendant has
> acted with an intent which is tortious or even criminal, or
> that he has intended to inflict emotional distress, or even
> that his conduct has been characterized by 'malice,' or a
> degree of aggravation which would entitle the plaintiff to
> punitive damages for another tort"; rather, "[l]iability has
> been found only where the conduct has been so outrageous
> in character, and so extreme in degree, as to go beyond all
> possible bounds of decency, and to be regarded as atrocious,
> and utterly intolerable in a civilized community."

Foley v. Polaroid Corp., 400 Mass 82, 99 (1987), quoting Agis v. Howard Johnson Co.,

371 Mass. 140, 144-45 (1976) and quoting Restatement (Second) of Torts §46, comment d

(1965).  In this case, the Plaintiffs have not alleged any "severe emotional distress."  In

the 71 paragraphs of factual allegations that precede their causes of action, the Plaintiffs

never once allege that they have suffered emotional distress.  Complaint, ¶¶ 1-71.

Instead, the Plaintiffs make the conclusory allegation that the Defendants "by its (sic)

acts and failures as set out in the statement of facts" caused the Plaintiffs severe

emotional upset and anxiety.  Complaint, ¶¶ 100, 107, 114 and 121.  The Plaintiffs'

emotional distress must be "severe and of a nature that no reasonable man could be

{00191352.DOC}

expected to endure it." <u>Agis v. Howard Johnson Co.</u>, 371 Mass. at 145, <u>citing</u>

Restatement (Second) of Torts §46, comment j (1965).  There is no allegation in the

Complaint supporting the Plaintiffs' claims of emotional distress.  In addition, the

Plaintiffs have not come close to alleging the "extreme and outrageous" conduct that is

"beyond all possible bounds of decency ... to be regarded as atrocious, and utterly

intolerable in a civilized community."  <u>See</u> <u>Foley</u>, 400 Mass. at 99.  Therefore, Counts V-

VIII of the Complaint should be dismissed as to Wilshire.

**<u>Counts IX-XII</u>**
**Plaintiffs Have Failed to Allege Negligence**

12.      The Plaintiffs have failed to allege negligence against Wilshire.  There are

four (4) elements to a negligence claim: (1) a legal duty owed to the plaintiff by the

defendant; (2) a breach of that duty by the defendant; (3) causation; (4) actual loss by the

plaintiff.  <u>Doe v. Senechal</u>, 66 Mass. App. Ct. 68 (2006), quoting <u>Delaney v. Reynolds</u>, 63

Mass. App. Ct. 239, 241 (2005).  In this case, the Plaintiffs have simply failed to allege

any legal duty owed to them or how Wilshire is a cause of the alleged negligence.

Instead, the Plaintiffs offer the following:

> The manner in which the Defendants handled their
> responsibilities and duties were reckless, careless, negligent
> and unskillful.  Specifically, but not limited to its failure to
> remedy defective conditions in the premises and/or the
> common areas of the condominium and its failure to
> maintain and keep the premises and/or common areas of
> the condominium in good repair and condition.

<u>Complaint</u>, ¶¶ 128, 134, 141 and 148.  Regarding the element of legal duty, the Plaintiffs

offer circular logic to mask their failure to plead this element, to wit: the Defendants

handled their duties negligently so, therefore, the Defendants were negligent.
Regarding causation, the Plaintiffs go on at length about housing code violations at the
Unit – e.g., cross-metering of electricity, excessive hot water temperature, failure of the
Unit's heating system and a fire at 11 Roxton Street that resulted in the City of Boston
ordering the Plaintiffs out of the Unit.  Complaint, ¶¶ 20-22, 25, 26, 29, 37, 38.  However,
at no point do the Plaintiffs allege that Wilshire caused the conditions of which the
Plaintiffs complain.  As is clear from the Complaint, the Plaintiffs have failed to allege
the essential elements of a cause of action for negligence.  Therefore, Counts IX-XII of
the Complaint should be dismissed as to Wilshire.

**Counts XIII**
**Plaintiffs Have Failed to Allege a Claim under Chapter 93A**

13.    By virtue of the fact that Counts I-XII of the Complaint should be
dismissed, Count XIII under the Massachusetts Consumer Protection Act – which is
predicated upon the alleged violations in the preceding counts – should be dismissed as
well.

WHEREFORE, Wilshire Credit Corporation as attorney in fact for LaSalle Bank,
N.A., as Trustee for the MLMI Trust Series 2006-MLN1 ("**Wilshire**") requests that this
Court take the following action regarding the first amended complaint of plaintiffs
Alana Waldholz, Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan:

      a.    Dismiss Count I of the Complaint as to Wilshire;

      b.    Dismiss Count II of the Complaint as to Wilshire;

      c.    Dismiss Count III of the Complaint as to Wilshire;

d.  Dismiss Count IV of the Complaint as to Wilshire;

e.  Dismiss Count V of the Complaint as to Wilshire;

f.  Dismiss Count VI of the Complaint as to Wilshire;

g.  Dismiss Count VII of the Complaint as to Wilshire;

h.  Dismiss Count VIII of the Complaint as to Wilshire;

i.  Dismiss Count IX of the Complaint as to Wilshire;

j.  Dismiss Count X of the Complaint as to Wilshire;

k.  Dismiss Count XI of the Complaint as to Wilshire;

l.  Dismiss Count XII of the Complaint as to Wilshire;

m. Dismiss Count XIII of the Complaint as to Wilshire; and

n.  Grant Wilshire such other relief as is just and proper.

Respectfully submitted,

WILSHIRE CREDIT CORPORATION AS
ATTORNEY IN FACT FOR LASALLE
BANK N.A., AS TRUSTEE FOR THE MLMI
TRUST SERIES 2006-MLN1,

By their attorneys,

MICHIENZIE & SAWIN, LLC,

Paul Michienzie (BBO#548701)
Richard C. Demerle (BBO#652242)
Erin C. Birmingham (BBO#671863)
745 Boylston Street
Boston, MA 02116
(617) 227-5660
RD@masatlaw.com

DATE: May 8, 2009

{00191352.DOC}                                          10

## CERTIFICATE OF SERVICE

I, Richard C. Demerle, Esq. of the law firm of Michienzie & Sawin, LLC hereby certify that I have this 8th day of May 2009, served on behalf of Wilshire Credit Corporation as attorney in fact for LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-MLN1 the above document by causing copies hereof to be sent by first-class, U.S. mail, postage pre-paid to the following:

Kenneth C. Vining, Esq.
Vining Law Office, LLC
761 Broadway
Somerville, MA 02144 (M)

Richard C. Demerle

{00191352.DOC}                                             11