COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

HOUSING COURT DEPT.
BOSTON HOUSING COURT
DOCKET NO.: 09H84CV00162

ALANA WALDHOLZ INDIVIDUALLY AND AS
NATURAL PARENT AND NEXT FRIEND OF
DOMENIK ROBINSON, JA-SHON OLIVER AND JA-
ROD MCCLANAHAN,
     Plaintiffs,

v.

WILSHIRE CREDIT CORPORATION AS ATTORNEY
IN FACT FOR LASALLE BANK N.A., AS TRUSTEE
FOR THE MLMI TRUST SERIES 2006-MLN1;
WILSHIRE CREDIT CORPORATION AS ATTORNEY
IN FACT FOR LASALLE BANK N.A., AS TRUSTEE
FOR THE MLMI TRUST SERIES 2006-MLN1,
TRUSTEE FOR THE 11 ROXTON STREET
CONDOMINIUM; U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN
MORTGAGE LOAN TRUST 2006-FF10; U.S. BANK
NATIONAL ASSOCIATION AS TRUSTEE FOR FIRST
FRANKLIN MORTGAGE LOAN TRUST 2006-FF10,
TRUSTEE OF THE 11 ROXTON STREET
CONDOMINIUM; SIREWL COX, INDIVIDUALLY;
SIREWL COX, TRUSTEE OF THE 11 ROXTON
STREET CONDOMINIUM TRUST; SABRINA
GORDON, INDIVIDUALLY; SABRINA GORDON,
TRUSTEE OF THE 11 ROXTON STREET
CONDOMINIUM; 11 ROXTON STREET
CONDOMINIUM; and, BANK OF AMERICA,
     Defendants.

## ANSWER, COUNTERCLAIM AND CROSSCLAIMS OF
## WILSHIRE CREDIT CORPORATION

NOW COMES defendant Wilshire Credit Corporation as attorney in fact for

LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-MLN1, both in its

individual capacity and as trustee for the 11 Roxton Street Condominium Trust

("**Wilshire**")[1] through its counsel of record, and hereby answers the First Amended Complaint of plaintiffs Alana Waldholz, Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan (together, the "**Plaintiffs**") and counterclaims against the Plaintiffs and crossclaims against certain co-defendants regarding the property known and numbered as 11 Roxton Street, Dorchester, Suffolk County, Massachusetts (the "**Building**") and Unit 1 of the Building ("**Unit 1**").

## Parties

1.      Wilshire denies the allegations contained in paragraph 1 of the Complaint.

2.      Wilshire denies the allegations contained in paragraph 2 of the Complaint.

3.      Wilshire denies the allegations contained in paragraph 3 of the Complaint.

4.      Wilshire denies the allegations contained in paragraph 4 of the Complaint.

5.      Wilshire denies the allegations contained in paragraph 5 of the Complaint. Further answering, Wilshire states that loan servicer Wilshire Credit Corporation is a foreign corporation with a principal place of business in Beaverton, Oregon.  Further answering, Wilshire denies that it is or ever was the landlord to the Plaintiffs.

6.      Wilshire denies the allegations contained in paragraph 6 of the Complaint. Further answering, Wilshire states that loan servicer Wilshire Credit Corporation is a foreign corporation with a principal place of business in Beaverton, Oregon.

7.      Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

---

[1] Wilshire notes that the assignment of mortgage – recorded with the Suffolk County Registry of Deeds on March 14, 2008 – for Wilshire's mortgage on 11 Roxton Street, Unit 1, Dorchester, Massachusetts lists the assignee as "LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-MLN1."

8.      Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

## **FACTS**

15.     For the purposes of paragraph 15, and any other paragraph in the Complaint, Wilshire denies the allegation that it was a landlord to the Plaintiffs. Wilshire admits the remaining allegations contained in paragraph 15 of the Complaint.

16.     Wilshire admits the allegations contained in paragraph 16 of the Complaint.

17.     Wilshire denies the allegation that it was a landlord to the Plaintiffs.  The remaining allegations of Paragraph 17 constitute a legal conclusion to which no response is required.  To the extent that a response is required, it is denied.

18.     Wilshire denies the allegation that it was a landlord to the Plaintiffs. Wilshire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint.

19.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Wilshire denies the allegations contained in paragraph 20 of the Complaint insofar as the City of Boston, in fact, ordered Wilshire to provide electricity to the fixture in question or to meter the electricity through a public meter or by entering into a written agreement with the occupant and notifying all other occupants. Further answering, Wilshire states that the citation issued by the City of Boston speaks for itself and, as such, no answer is required.

21.     Wilshire states that the citation issued by the City of Boston speaks for itself and, as such, no answer is required.

22.     Wilshire states that the citation issued by the City of Boston speaks for itself and, as such, no answer is required.

23.     Wilshire denies the allegation that it was a landlord to the Plaintiffs. Further answering, Wilshire states that the documents referenced speak for themselves and, as such, no answer is required.

24.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Wilshire denies the allegations contained in paragraph 25 of the Complaint. Further answering, Wilshire – through its agents – did respond and, in fact, coordinated with the Plaintiffs to provide electric space heaters to Unit 1.

26.     Wilshire denies the allegations contained in paragraph 26 of the Complaint insofar as they allege that Wilshire was the landlord of the Plaintiffs. Further answering, Wilshire states that plaintiff Alana Waldholz originally informed Wilshire's agent on October 24, 2008 that she had borrowed a space heater from a friend and, therefore, she did not need Wilshire's assistance in obtaining space heaters to heat Unit 1. Further answering, Wilshire states that the document referenced speaks for itself and, as such, no answer is required.

27.     Wilshire denies the allegations contained in paragraph 27 of the Complaint insofar as they allege that Wilshire was the landlord of the Plaintiffs. Wilshire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint.

28.     Wilshire denies the allegations contained in paragraph 28 of the Complaint insofar as they allege that Wilshire was the landlord of the Plaintiffs. Wilshire admits the remaining allegations contained in paragraph 28 of the Complaint.

29.     Wilshire denies the allegations contained in paragraph 29 of the Complaint insofar as they allege that Wilshire was the landlord of the Plaintiffs. Further answering, Wilshire denies the allegations in paragraph 29 of the Complaint

insofar as this paragraph fails to specify what the Inspectional Services Department of the City of Boston allegedly cited Wilshire for on October 30, 2008.  Further answering, Wilshire notes that the October 30, 2008 that the Plaintiffs reference was not mailed to Wilshire until November 10, 2008.  Further answering, Wilshire states that the document referenced speaks for itself and, as such, no answer is required.

30.     Paragraph 30 constitutes a legal conclusion to which no response is required.  Further answering, Wilshire states that the document speaks for itself and, as such, no answer is required.  Wilshire specifically denies the allegation that Wilshire purposefully changed the case caption.

31.     Wilshire admits to calling Alana Waldholz "Defendant Alana Waldholz." Wilshire denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     Paragraph 32 constitutes a legal conclusion to which no response is required.  Further answering, Wilshire states that the document speaks for itself and, as such, no answer is required.

33.     Paragraph 33 constitutes a legal conclusion to which no response is required.  To the extent that a response is required, it is denied.  Wilshire specifically denies the allegation that Wilshire purposefully changed the case caption.

34.     Wilshire admits the allegations contained in paragraph 34 of the Complaint.

35.     Wilshire admits that the letter was dated December 8, 2008 but is without knowledge or information sufficient to form a belief as to the truth of the allegations as to when the Sheriff's Department mailed the letter.  Wilshire further admits that the

letter is a Notice to Quit and but denies that the letter requested the Plaintiff vacate on the last day of January 2009.

36.     Paragraph 36 constitutes a legal conclusion to which no response is required.  To the extent that a response is required, the allegations in this paragraph are denied.  Wilshire specifically denies the allegation that Wilshire discriminated against Plaintiffs.

37.     Wilshire admits the allegations contained in paragraph 37 of the Complaint.

38.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Wilshire denies the allegation that Wilshire was the Landlord of the Plaintiffs.  Further answering, Wilshire denies the allegations insofar as they allege that Wilshire had no obligation to repair the Property but admits the allegations insofar as they allege that Wilshire denied having an obligation to the Plaintiffs to repair the Property or provide alternate housing.  Wilshire admits that the Plaintiffs' agents and attorneys contacted Wilshire's agents and attorneys on several occasions.

40.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44.     Wilshire denies the allegation that Wilshire was the Landlord of the Plaintiffs.  Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations as to why the Plaintiff filed a Temporary Restraining Order on January 7, 2009.  Further answering, Wilshire states that the orders of the Boston Housing Court speak for themselves and, as such, no answer is required.

45.     Wilshire denies the allegation that the Plaintiffs left the premises because the repairs had not been completed.  Wilshire admits that the Court entered an Order on January 12, 2009.

46.     Wilshire states that the allegation that the Boston Housing Court held a hearing on January 13, 2009 is an event that speaks for itself and, therefore, no answer is required.  Wilshire denies the remaining allegations in this paragraph.

47.     Wilshire is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Plaintiffs' location or access to transportation. Wilshire denies the remaining allegations contained in paragraph 47 of the Complaint.

48.     Wilshire denies the allegation that it did not comply with the Order. Wilshire admits the Court requested an update on January 16, 2009.  Wilshire denies the remaining allegations contained in paragraph 48 of the Complaint.

49.     Wilshire denies the allegation that it did not comply with the Order because Wilshire made hotel accommodations available to the Plaintiffs, accommodations that the Plaintiffs refused to accept.  Wilshire admits the Court

requested updates on January 20, 2009 and January 23, 2009. Wilshire denies the remaining allegations contained in paragraph 49 of the Complaint.

50.     Wilshire admits that the Plaintiffs refused the hotel accommodations that the Plaintiffs had asked the Boston Housing Court for and, therefore, the Boston Housing Court vacated that part of its order. Wilshire admits that the Boston Housing Court scheduled an evidentiary hearing for February 20, 2009.

51.     Wilshire states that the document speaks for itself and, therefore, no answer is required.

52.     Wilshire states that the orders of the Inspectional Services Department are documents that speak for themselves and, as such, no answer is required. Further answering, Wilshire is aware of an order from ISD dated January 22, 2009 advising that "unit electricity shall not be turned on until a licensed electrician inspects wires for possible water damage … due to fire in 3rd floor unit."

53.     Wilshire admits that an inspector for the City of Boston reported no electricity, no heat and no water at the Property on January 22, 2009. Wilshire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint.

54.     Wilshire denies that Wilshire was the landlord of the Plaintiffs. Further answering, Wilshire denies the allegations in Paragraph 54 of the Complaint.

55.     Wilshire denies that Wilshire was the landlord of the Plaintiffs. Further answering, the Plaintiffs' allegation that Wilshire "made no reasonable attempts to

work with condominium to make repairs" is vague and, therefore, unanswerable. Further answering, Wilshire denies the allegations in Paragraph 55 of the Complaint.

56.  Wilshire denies that Wilshire was the landlord of the Plaintiffs.  Further answering, Wilshire denies the allegations in Paragraph 56 of the Complaint.

57.  Wilshire denies that Wilshire was the landlord of the Plaintiffs.  Further answering, Wilshire denies the allegations in Paragraph 57 of the Complaint.

58.  Wilshire denies that Wilshire was the landlord of the Plaintiffs.  Further answering, Wilshire denies the allegations in Paragraph 58 of the Complaint.

59.  Wilshire denies that Wilshire was the landlord of the Plaintiffs.  Further answering, Wilshire denies the allegations in Paragraph 59 of the Complaint.

60.  Wilshire admits the allegations in Paragraph 60 of the Complaint.

61.  Wilshire is without knowledge or information regarding the allegations in paragraph 61 of the Complaint.

62.  Wilshire is without knowledge or information regarding the allegations in paragraph 62 of the Complaint.

63.  Wilshire is without knowledge or information regarding the allegations in paragraph 63 of the Complaint.

64.  Wilshire is without knowledge or information regarding the allegations in paragraph 64 of the Complaint.

65.  Wilshire denies that Wilshire was the landlord of the Plaintiffs.  Further answering, Wilshire admits receiving a letter from the Plaintiffs dated January 26, 2009.

66.     Wilshire denies that Wilshire was the landlord of the Plaintiffs.  Further answering, Wilshire admits responding to the January 26, 2009 letter from the Plaintiffs.

67.     Wilshire denies the allegation in Paragraph 67 of the Complaint.  Further answering, Wilshire admits writing in its response to the January 26, 2009 letter that "Wilshire is not the landlord of the Complainant."

68.     Wilshire denies that Wilshire was the landlord of the Plaintiffs.  Further answering, the Plaintiffs' allegations in paragraph 68 of the Complaint are vague and, therefore, unanswerable.

69.     Wilshire denies that Wilshire was the landlord of the Plaintiffs.  Further answering, Wilshire admits claiming that Wilshire did not accede to the lease agreement that the Plaintiffs had with the former mortgagor of the Property.

70.     Wilshire admits, on information and belief, that utility service to the Property had not been restored as of March 16, 2009.  Wilshire denies the remaining allegation that "the bad conditions listed above continue to exist at the Premises" as the Plaintiffs' allegations are vague and, therefore, unanswerable.

71.     Wilshire states the order speaks for itself and, therefore, no answer is required.  To the extent an answer is required, Wilshire denies that the Boston Housing Court referred to Wilshire as "Landlord" in its order of March 11, 2009.

## COUNT I – Breach of Warranty of Habitability

72.     Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

{00190090.DOC}11

73.     Wilshire denies the allegations contained in this paragraph insofar as they allege any obligation by Wilshire to the Plaintiffs.

74.     Wilshire denies the allegations contained in this paragraph insofar as they allege any wrongdoing on the part of Wilshire.

75.     The Plaintiffs' allegations in paragraph 75 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

76.     The Plaintiffs' allegations in paragraph 76 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

77.     The Plaintiffs' allegations in paragraph 77 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

78.     To the extent the allegations in Paragraph 78 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

79.     To the extent the allegations in Paragraph 79 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

80.     To the extent the allegations in Paragraph 80 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

81.     To the extent the allegations in Paragraph 81 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

82.     To the extent the allegations in Paragraph 82 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT II – Interference with Quiet Enjoyment

83.     Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

84.     To the extent the allegations in Paragraph 84 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

85.     To the extent the allegations in Paragraph 85 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

86.     To the extent the allegations in Paragraph 86 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

87.     To the extent the allegations in Paragraph 87 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

88.     To the extent the allegations in Paragraph 88 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

89.     To the extent the allegations in Paragraph 89 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT III – Retaliation

90.     Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

91.     Wilshire denies the allegations in Paragraph 91 of the Complaint.  Further answering, Wilshire denies that it was ever a landlord of the Plaintiffs.

92.      Wilshire denies the allegations in Paragraph 92 of the Complaint.  Further answering, Wilshire denies that it was ever a landlord of the Plaintiffs.

93.      Wilshire denies the allegations in Paragraph 93 of the Complaint.  Further answering, Wilshire denies that it was ever a landlord of the Plaintiffs.

94.      Wilshire denies the allegations in Paragraph 94 of the Complaint.  Further answering, Wilshire denies that it was ever a landlord of the Plaintiffs.

## COUNT IV – Violation of Anti-Discrimination Laws

95.      Wilshire is without knowledge or information regarding the current Section 8 status of the Plaintiffs.  Further answering, this paragraph states a legal conclusion and, as such, no answer is necessary.  Further answering, Wilshire denies that it was ever a landlord of the Plaintiffs.  To the extent the allegations in Paragraph 95 of the Complaint allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

96.      The Plaintiffs' allegations in Paragraph 96 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 96 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.  Further answering, Wilshire denies that it was ever a landlord of the Plaintiffs.

97.      The Plaintiffs' allegations in Paragraph 97 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 97 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.  Further answering, Wilshire denies that it was ever a landlord of the Plaintiffs.

98.     The Plaintiffs' allegations in Paragraph 98 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 98 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.  Further answering, Wilshire denies that it was ever a landlord of the Plaintiffs.

### COUNT V – Intentional Infliction of Emotional Distress (Claimant)

99.     Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

100.    The Plaintiffs' allegations in Paragraph 100 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 100 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

101.    The Plaintiffs' allegations in Paragraph 101 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 101 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

102.    The Plaintiffs' allegations in Paragraph 102 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 102 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

103.    The Plaintiffs' allegations in Paragraph 103 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 103 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

104.    The Plaintiffs' allegations in Paragraph 104 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 104 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

105.    The Plaintiffs' allegations in Paragraph 105 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 105 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT VI – Intentional Infliction of Emotional Distress
### (Minor Claimant Domenik Robinson)

106.    Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

107.    The Plaintiffs' allegations in Paragraph 107 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 107 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

108.    The Plaintiffs' allegations in Paragraph 108 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 108 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

109.    The Plaintiffs' allegations in Paragraph 109 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 109 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

110.    The Plaintiffs' allegations in Paragraph 110 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 110 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

111.    The Plaintiffs' allegations in Paragraph 111 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 111 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

112.     The Plaintiffs' allegations in Paragraph 112 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 112 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT VII – Intentional Infliction of Emotional Distress
### (Minor Claimant Ja-Shon Oliver)

113.     Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

114.     The Plaintiffs' allegations in Paragraph 114 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 114 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

115.     The Plaintiffs' allegations in Paragraph 115 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 115 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

116.     The Plaintiffs' allegations in Paragraph 116 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 116 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

117.     The Plaintiffs' allegations in Paragraph 117 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 117 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

118.     The Plaintiffs' allegations in Paragraph 118 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 118 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

119.   The Plaintiffs' allegations in Paragraph 119 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 119 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT VIII – Intentional Infliction of Emotional Distress
**(Minor Claimant Ja-Rod McClanahan)**

120.   Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

121.   The Plaintiffs' allegations in Paragraph 121 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 121 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

122.   The Plaintiffs' allegations in Paragraph 122 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 122 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

123.   The Plaintiffs' allegations in Paragraph 123 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 123 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

124.   The Plaintiffs' allegations in Paragraph 124 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 124 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

125.   The Plaintiffs' allegations in Paragraph 125 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 125 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

126.    The Plaintiffs' allegations in Paragraph 126 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 126 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT IX – Negligence
### (Claimant)

127.    Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

128.    The Plaintiffs' allegations in Paragraph 128 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 128 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

129.    Wilshire denies the allegations in paragraph 129 of the Complaint.

130.    The Plaintiffs' allegations in Paragraph 130 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 130 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

131.    The Plaintiffs' allegations in Paragraph 131 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 131 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

132.    The Plaintiffs' allegations in Paragraph 132 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 132 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT X – Negligence
### (Minor Claimant Domenik Robinson)

133.    Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

134.    The Plaintiffs' allegations in Paragraph 134 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 134 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

135.    Wilshire is without knowledge or information sufficient as to form a belief as to the truth of this allegation.

136.    The Plaintiffs' allegations in Paragraph 136 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 136 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

137.    The Plaintiffs' allegations in Paragraph 137 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 137 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

138.    The Plaintiffs' allegations in Paragraph 138 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 138 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

139.    The Plaintiffs' allegations in Paragraph 139 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 139 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT XI – Negligence
### (Minor Claimant Ja-Shon Oliver)

140.    Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

141.    The Plaintiffs' allegations in Paragraph 141 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 141 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

142.    Wilshire is without knowledge or information sufficient as to form a belief as to the truth of this allegation.

143.    The Plaintiffs' allegations in Paragraph 143 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 143 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

144.    The Plaintiffs' allegations in Paragraph 144 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 144 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

145.    The Plaintiffs' allegations in Paragraph 145 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 145 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

146.    The Plaintiffs' allegations in Paragraph 146 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 146 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT XII – Negligence
### (Minor Claimant Ja-Rod McClanahan)

147.    Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

148.    The Plaintiffs' allegations in Paragraph 148 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 148 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

149.    Wilshire is without knowledge or information sufficient as to form a belief as to the truth of this allegation.

150.    The Plaintiffs' allegations in Paragraph 150 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 150 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

151.    The Plaintiffs' allegations in Paragraph 151 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 151 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

152.    The Plaintiffs' allegations in Paragraph 152 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 152 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

153.    The Plaintiffs' allegations in Paragraph 153 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 153 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

## COUNT XIII
## (93A)

154.    Wilshire repeats and incorporates by reference its responses in the preceding paragraphs.

155.    Wilshire denies the allegations in paragraph 155 of the Complaint.

156.    The Plaintiffs' allegations in Paragraph 156 of the Complaint are vague and, therefore, unanswerable.  To the extent the allegations in Paragraph 156 allege any wrongdoing on the part of Wilshire, Wilshire denies the allegations.

157.    Wilshire denies the allegations in paragraph 157 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    The Plaintiffs have failed to state a claim upon which relief can be granted.

2.    The Plaintiffs' claims are barred by failure of consideration.

3.    The Plaintiffs' claims are barred by the doctrine of laches.

4.    The Plaintiffs' claims are barred by the doctrine of unclean hands.

5.    The Plaintiffs' claims are barred by the statute of frauds.

6.    The Plaintiffs' claims are barred by the doctrine of assumption of risk.

7.    The Plaintiffs' claims are barred by their failure to mitigate their damages.

8.    Any injuries of the Plaintiffs were not the result of the actions or inactions of Wilshire.

9.    Any injuries of the Plaintiffs are barred because the injuries complained of by the Plaintiffs were the result of one or more intervening or superseding cause or causes and/or were not reasonably foreseeable to Wilshire.

10.     The injuries that are alleged in the Plaintiffs' Complaint are the sole result of the Plaintiffs' own negligence and/or the negligence of a third party over which Wilshire had no control and, therefore, the Plaintiffs may not recover against Wilshire.

11.     The Plaintiffs were negligent and therefore may not recover or, in the alternative, any recovery by the Plaintiffs must be reduced or eliminated in proportion to the Plaintiffs' or a third-party's comparative negligence, as provided under Mass. Gen. Laws c. 231, § 85.

12.     The Plaintiffs are estopped from recovering in this action and/or have waived any right to recover.

13.     The Complaint does not describe the subject claims with sufficient particularity to enable Wilshire to determine all of the grounds for its defenses. Wilshire reserves the right to supplement and amend its affirmative defenses during the course of, and after, discovery.

## COUNTERCLAIM OF WILSHIRE

1.     The building known and numbered as 11 Roxton Street, Dorchester, Massachusetts (the "**Building**") is divided into three (3) condominium units.

2.     On October 31, 2007, on information and belief, Alana Waldholz entered into a lease agreement with Larneshia Bryant Alexander to reside at the real property located at 11 Roxton Street, Unit 1, Dorchester, Massachusetts ("**Unit 1**") for $1,593.00 per month (the "**Lease**").

3.     On April 24, 2008, Wilshire purchased Unit 1 at a foreclosure sale for $104,400.00.

4.      On July 7, 2008, Wilshire caused the Foreclosure Deed and Affidavit for Unit 1 to be recorded with the Suffolk County Registry of Deeds.

5.      On November 1, 2008, the Lease expired.  By its own terms, the Lease continues "as a month to month in one month Successive Terms" following its expiration.

6.      On December 8, 2008, Wilshire delivered to the Suffolk County Sheriff's Department a notice to quit addressed to Alana Waldholz.  The Notice to Quit states that the Plaintiffs must vacate Unit 1 no later than the last day of January 2009.

7.      On December 8, 2008, Wilshire advised Attorney David Gleich of the Boston Housing Authority in writing that a Notice to Quit would be served upon the Alana Waldholz and that Wilshire wanted to market Unit 1.

8.      On December 12, 2008, fire broke out in Unit 3 of the Building.  As a result, the Boston Fire Department ordered all occupants of the Building to vacate.

9.      Upon information and belief, the Plaintiffs have not lived in Unit 1 since December 12, 2008.

10.      On December 17, 2008, Deputy Sheriff Robert Foscaldo served the Notice to Quit upon plaintiff Alana Waldholz by leaving it at her last and usual place of abode and by mailing it via first-class mail.

## COUNT I - Use and Occupation of Land
### (Alana Waldholz)

11.      Wilshire re-alleges and incorporates by reference the allegations in the preceding paragraphs.

12.     Prior to April 24, 2008, the date that Wilshire purchased Unit 1, plaintiff Alana Waldholz was party to an express contract to lease the Unit 1 – i.e., the Lease.

13.     On April 24, 2008, Wilshire purchased Unit 1 at a foreclosure auction and took title to Unit 1.  Therefore, as of April 24, 2008, plaintiff Alana Waldholz was a tenant at will of Unit 1.  Mass. Gen. Laws c. 186, § 13A.

14.     On November 1, 2008, the Lease expired.

15.     On December 17, 2008, Wilshire served a Notice to Quit on plaintiff Alana Waldholz, converting her tenancy at will into a tenancy at sufferance.

16.     The Plaintiffs actually resided in Unit 1 from a date prior to April 24, 2008, the date that Wilshire purchased Unit 1, through December 12, 2008, the date that fire struck the Building and necessitated an evacuation of the Building.

17.     After December 12, 2008, the Plaintiffs were in constructive possession of Unit 1 as their personal belongings remained in Unit 1 and they refused to surrender possession of Unit 1 to Wilshire.

18.     Wilshire is entitled to recover the fair rental value of Unit 1 for the time period covering April 24, 2008 through July 15, 2009, the date that Wilshire sold Unit 1.

WHEREFORE, Wilshire respectfully requests that this Court enter judgment in its favor as follows:

a.   Dismiss the complaint of plaintiffs Alana Waldholz, Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan against Wilshire with prejudice;

   b.   Enter judgment in favor of Wilshire and against plaintiff Alana

        Waldholz on Wilshire's counterclaim; and

   c.   Grant Wilshire such other and further relief as is just and proper.

## CROSSCLAIMS AGAINST SIREWL COX, SABRINA GORDON, U.S. BANK AND 11 ROXTON STREET CONDOMINIUM TRUST

1.     The cross-claimant, Wilshire Credit Corporation, is a defendant in this action.

2.     The cross-claim defendant, Sirewl Cox ("**Cox**"), is a defendant in this action.

3.     The cross-claim defendant, Sabrina Gordon ("**Gordon**"), is a defendant in this action.

4.     The cross-claim defendant, U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF10, Mortgage Pass-Through Certificates, Series 2006-FF10 ("**U.S. Bank**"), is a defendant in this action.

5.     The cross-claim defendant, 11 Roxton Street Condominium Trust (the "**Condo Trust**"), is a defendant in this action.

6.     Cox and Gordon were at all times relevant the co-owners of Unit 3 of the property known and numbered as 11 Roxton Street, Unit 3, Dorchester, Suffolk County, Massachusetts (the "**Building**").

7.     U.S. Bank was at all times relevant the owner of Unit 2 of the Building, having taken title to Unit 2 by foreclosure deed dated July 7, 2008.

8.      The Condo Trust has an insurance policy through Lloyd's of London for the Building.  On information and belief, the Condo Trust has submitted a claim for payment from Lloyd's of London under the policy but, as of the date of this cross-claim, has not received any payment.

9.      During the fall of 2008, a pipe that supplied water to Unit 2 developed a leak.

10.     During the fall of 2008, the leak from Unit 2's pipe caused substantial and recurring water damage to the heating system and electrical system for Unit 1.

11.     On December 12, 2008, a fire occurred in Unit 3.

12.     The fire damaged the interior walls of the Building and caused the City of Boston, through its Building Inspection Department, to raise a concern that the Building may have also suffered structural damage.

13.     Furthermore, the fire directly resulted in a shut-off of all utility service – including electrical service – to the Building.  Therefore, as a result of the fire in Unit 3, the following occurred:

    a.  Fire suppression efforts saturated the Building with water, compromising the electrical system;

    b.  the heating systems in the Building stopped working;

    c.  the plumbing system froze and certain pipes burst;

    d.  the Building was rendered uninhabitable.

14.     Due to the aforementioned leak in the water pipe for Unit 2, Wilshire incurred substantial expenses repairing damage to Unit 1 caused by the leak.

15.     Furthermore, plaintiffs Alana Waldholz, Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan (together, the "**Plaintiffs**") sued Wilshire in part because the heating system in Unit 1 – where they were residing at the time – failed repeatedly during the fall of 2008.

16.     The repeated failures of the heating system in Unit 1 are the direct result of the leak in the pipe in Unit 2, the unit then-owned by U.S. Bank.

17.     Due to the aforementioned fire in Unit 3, Wilshire's real property known and numbered as Unit 1 suffered substantial damage that reduced its value.

18.     Furthermore, the Plaintiffs sued Wilshire in part because the fire directly resulted in rendering Unit 1 – where they were residing at the time – uninhabitable.

19.     Due to the aforementioned fire in Unit 3, the Building – including its common areas – suffered substantial damage.

20.     Wilshire could not make Unit 1 habitable without repairs to the common areas.

21.     However, despite Wilshire's efforts, the Condo Trust failed to assist Wilshire in restoring the common areas of the Building to a habitable condition, reducing the value of Unit 1.

22.     Furthermore, the Plaintiffs sued Wilshire in part because the Condo Trust's failure to help Wilshire restore the common areas prevented Wilshire from making Unit 1 – where the Plaintiffs were residing at the time – habitable.

## COUNT I
### (Contribution – Sirewl Cox)

23.      Wilshire repeats and incorporates by reference the allegations in the preceding paragraphs.

24.      If the Plaintiffs were damages as they allege, then such damage was due in whole or in part to the negligence of Cox.

25.      In the event that the Plaintiffs should receive judgment against Wilshire, for damages, Wilshire will be entitled to judgment against Cox for contribution pursuant to Mass. Gen. Laws c. 231B towards the damages and costs awarded to the Plaintiffs.

WHEREFORE, Wilshire demands judgment against cross-claim defendant Sirewl Cox, for contribution under M.G.L. c 231B, for any recovery that Plaintiffs herein may obtain against Wilshire.

## COUNT II
### (Common-law Indemnity – Sirewl Cox)

26.      Wilshire repeats and incorporates by reference the allegations in the preceding paragraphs.

27.      Cox has an express, implied or common-law obligation to indemnify Wilshire for the claims asserted by the Plaintiffs.

28.      If Wilshire is adjudged liable to the Plaintiffs, then Cox is obligated, pursuant to common law or expressly or impliedly, to indemnify Wilshire for any judgment rendered against them together with interest, costs and attorneys' fees.

WHEREFORE, Wilshire demands recovery against cross-claim defendant, Sirewl Cox, for common-law indemnification and requests this Honorable Court order Cox indemnify Wilshire for any recovery that Plaintiffs herein may obtain against Wilshire, Wilshire's compensatory damages, foreseeable incidental damages, costs of suit and applicable interest.

## COUNT III
### (Contribution – Sabrina Gordon)

29.     Wilshire repeats and incorporates by reference the allegations in the preceding paragraphs.

30.     If the Plaintiffs were damages as they allege, then such damage was due in whole or in part to the negligence of Gordon.

31.     In the event that the Plaintiffs should receive judgment against Wilshire, for damages, Wilshire will be entitled to judgment against Gordon for contribution pursuant to Mass. Gen. Laws c. 231B towards the damages and costs awarded to the Plaintiffs.

WHEREFORE, Wilshire demands judgment against cross-claim defendant Sabrina Gordon for contribution under M.G.L. c 231B, for any recovery that Plaintiffs herein may obtain against Wilshire.

## COUNT IV
### (Common-law Indemnity – Sabrina Gordon)

32.     Wilshire repeats and incorporates by reference the allegations in the preceding paragraphs.

33.     Gordon has an express, implied or common-law obligation to indemnify Wilshire for the claims asserted by the Plaintiffs.

34.     If Wilshire is adjudged liable to the Plaintiffs, then Gordon is obligated, pursuant to common law or expressly or impliedly, to indemnify Wilshire for any judgment rendered against them together with interest, costs and attorneys' fees.

WHEREFORE, Wilshire demands recovery against cross-claim defendant, Sabrina Gordon, for common-law indemnification and requests this Honorable Court order Gordon indemnify Wilshire for any recovery that Plaintiffs herein may obtain against Wilshire, Wilshire's compensatory damages, foreseeable incidental damages, costs of suit and applicable interest.

## COUNT V
### (Contribution – 11 Roxton Street Condominium Trust)

35.     Wilshire repeats and incorporates by reference the allegations in the preceding paragraphs.

36.     If the Plaintiffs were damages as they allege, then such damage was due in whole or in part to the negligence of Condo Trust.

37.     In the event that the Plaintiffs should receive judgment against Wilshire, for damages, Wilshire will be entitled to judgment against Condo Trust for contribution pursuant to Mass. Gen. Laws c. 231B towards the damages and costs awarded to the Plaintiffs.

WHEREFORE, Wilshire demands judgment against cross-claim defendant 11 Roxton Street Condominium Trust, for contribution under M.G.L. c 231B, for any recovery that Plaintiffs herein may obtain against Wilshire.

## COUNT VI
### (Common-law Indemnity - 11 Roxton Street Condominium Trust)

38.     Wilshire repeats and incorporates by reference the allegations in the preceding paragraphs.

39.     Condo Trust has an express, implied or common-law obligation to indemnify Wilshire for the claims asserted by the Plaintiffs.

40.     If Wilshire is adjudged liable to the Plaintiffs, then Condo Trust is obligated, pursuant to common law or expressly or impliedly, to indemnify Wilshire for any judgment rendered against them together with interest, costs and attorneys' fees.

WHEREFORE, Wilshire demands recovery against cross-claim defendant, 11 Roxton Street Condominium Trust, for common law indemnification and requests this Honorable Court order 11 Roxton Street Condominium Trust indemnify Wilshire for any recovery that Plaintiffs herein may obtain against Wilshire, Wilshire's compensatory damages, foreseeable incidental damages, costs of suit and applicable interest.

## COUNT VII
### (Contribution – U.S. Bank)

41.     Wilshire repeats and incorporates by reference the allegations in the preceding paragraphs.

42.     If the Plaintiffs were damages as they allege, then such damage was due in whole or in part to the negligence of U.S. Bank.

43.     In the event that the Plaintiffs should receive judgment against Wilshire, for damages, Wilshire will be entitled to judgment against U.S. Bank for contribution pursuant to Mass. Gen. Laws c. 231B towards the damages and costs awarded to the Plaintiffs.

WHEREFORE, Wilshire demands judgment against cross claim defendant U.S. Bank, for contribution under M.G.L. c 231B, for any recovery that Plaintiffs herein may obtain against Wilshire.

## COUNT VIII
### (Common-law Indemnity – U.S. Bank)

44.     Wilshire repeats and incorporates by reference the allegations in the preceding paragraphs.

45.     U.S. Bank has an express, implied or common-law obligation to indemnify Wilshire for the claims asserted by the Plaintiffs.

46.     If Wilshire is adjudged liable to the Plaintiffs, then U.S. Bank is obligated, pursuant to common law or expressly or impliedly, to indemnify Wilshire for any judgment rendered against them together with interest, costs and attorneys' fees.

WHEREFORE, Wilshire demands recovery against cross-claim defendant, U.S. Bank, for common-law indemnification and requests this Honorable Court order U.S. Bank indemnify Wilshire for any recovery that Plaintiffs herein may obtain against

Wilshire, Wilshire's compensatory damages, foreseeable incidental damages, costs of

suit and applicable interest.

Respectfully submitted,

WILSHIRE CREDIT CORPORATION AS
ATTORNEY IN FACT FOR LASALLE
BANK N.A., AS TRUSTEE FOR THE MLMI
TRUST SERIES 2006-MLN1, and
WILSHIRE CREDIT CORPORATION AS
ATTORNEY IN FACT FOR THE MLMI
TRUST SERIES MLN1, TRUSTEE FOR THE
11 ROXTON STREET CONDOMINIUM;

By their attorneys,

MICHIENZIE & SAWIN, LLC,

Paul Michienzie (BBO#548701)
Richard C. Demerle (BBO#652242)
Erin C. Birmingham (BBO#671863)
745 Boylston Street
Boston, MA 02116
(617) 227-5660

DATE: January 28, 2010

## CERTIFICATE OF SERVICE

I, Richard C. Demerle, Esq. of the law firm of Michienzie & Sawin, LLC hereby certify that I have this 28th day of January 2010, served on behalf of Wilshire Credit Corporation as attorney in fact for LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-MLN1, and Wilshire Credit Corporation as Attorney in Fact for the MLMI Trust Series MLN1, Trustee for the 11 Roxton Street Condominium an <u>Answer, Counterclaim and Crossclaims of Wilshire Credit Corporation</u> by causing copies hereof to be sent by first-class, U.S. mail, postage pre-paid (M) or by electronic mail (EM) to the following:

| | |
|---|---|
| Edward Rice<br>Counsel for Alana Waldholz<br>Volunteer Lawyers Project<br>99 Chauncy Street #400<br>Boston, MA 02111 (M) | Jonathan Mace Bent, Esq.<br>Counsel for Alana Waldholz<br>8 Faneuil Hall Marketplace<br>3rd Floor<br>Boston, MA 02109 (M) |
| Sabrina Gordon<br>5 Leavitt Place, No. 2<br>Brockton, MA 02301 (M) | Sirewl Cox<br>48 Moreland Street<br>Boston, MA 02119 (EM) |
| Shiva Karimi, Esq.<br>Counsel for U.S. Bank, N.A.<br>Karimi & Associates, PC<br>268 Summer Street, Lower Level<br>Boston, MA 02210-1108 (M) | |

Richard C. Demerle