# COMMONWEALTH OF MASSACHUSETTS
## HOUSING COURT DEPARTMENT

**SUFFOLK, ss.**                                             **BOSTON DIVISION**

| | |
|---|---|
| Alana Waldholdz Individually and as natural parent and next friend of Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan, *Plaintiff* | |
| | **CIVIL DOCKET NO.** |
| *v.* | **09H84CV00162** |
| Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLNI; | |
| Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLNI, Trustee for the 11 Roxton Street Condominium; | |
| U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF10; | |
| U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF10, Trustee for the 11 Roxton Street Condominium; | |
| Sirewl Cox individually; Sirewl Cox, Trustee for the 11 Roxton Street Condominium | |
| Sabrina Gordon, individually; | |
| Sabrina Gordon, Trustee for the 11 Roxton Street Condominium | |
| 11 Roxton Street Condominium; and | |
| Bank of America, *Defendants.* | |

## MOTION TO DISMISS BY DEFENADANT, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

NOW COMES Defendant, U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF10 AND as Trustee for First Franklin Mortgage Loan Trust 2006-FF10 as Trustee for the 11 Roxton Street Condominium, (hereinafter, "Defendant") and moves

that this Honorable Court dismiss, as to Defendant, Counts 1, 2, 3, 4, and 13 of the above entitled action pursuant to Mass. R.Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted. In the alternative, Defendant moves that this Honorable Court treat this motion as one for partial summary judgment, pursuant to Mass. R. Civ. P. 56. In support thereof, Defendant states as follows:

<u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br>COUNTS I and II</u>

The Plaintiff in this action, Alana Waldholz, Individually and as natural parent and next friend of Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan, (hereinafter "Plaintiff"), has named the Defendant as a party to this action on or about April 13, 2009. Plaintiff's claim arises from Plaintiff's occupation of Condominium Unit 1, 11 Roxton Street, Dorchester, Massachusetts (hereinafter "Unit 1"). See Complaint, ¶ 1-4. In her complaint Plaintiff identifies Co-Defendant, Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLNI (hereinafter "Wilshire"), as the owner of Unit 1 and as her landlord. See Complaint, ¶ 5 and 15. Defendant, by contrast, is the owner of Condominium Unit 2, 11 Roxton Street, Dorchester, Massachusetts (hereinafter "Unit 2"). See Complaint, ¶ 11.

Count One of Plaintiff's complaint, Breach of Warranty of Habitability, arises from her relationship to Wilshire as a current or former tenant of Unit 1. See Complaint, ¶ 73-82; see also, e.g., <u>Boston Housing Authority v. Hemingway</u>, 363 Mass. 184, 199 (1973) (holding that residential leases contain an implied warranty of habitability). Defendant, the owner of Unit 2, never entered a landlord-tenant relationship with the Plaintiff. As the owner of a different condominium unit, Defendant had no obligation to ensure the habitability of the premises of which the Plaintiff was a tenant. Cf. <u>Boston Housing Authority v. Hemingway</u> at 199.

Similarly, in Count Two of Plaintiff's complaint, she alleges that there was an interference with her quiet enjoyment of Unit 1 in violation of the Massachusetts General Laws, Chapter 186, Section 14. See Complaint, ¶ 83-89; see also M.G.L. c. 186, § 14. Chapter 186, Section 14, applies to Lessors or Landlords who are obligated under the terms of a contract or lease. See § 14. As to Defendant, there is no landlord-tenant relationship with the Plaintiff and none is alleged in Plaintiff's Complaint. Given the absence of a landlord-tenant relationship Defendant owes Plaintiff no duty to ensure the habitability and Plaintiff's quiet enjoyment of

Unit 1. *See* Hemingway at 199; *see also* M.G.L. c 186, § 14. Accordingly, Defendant moves that this Honorable Court dismiss Counts One and Two as to Defendant.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
## COUNTS III, IV, and XIII

Counts Three, Four and Thirteen of Plaintiff's Complaint specify action on the part of the Landlord. *See* Complaint, ¶ 90-98 (Counts Three and Four); *see also* ¶ 154-157 (Count Thirteen). Plaintiff's complaint identifies Wilshire as Plaintiff's Landlord. *See* Complaint ¶ 5 and 15 (identifying Wilshire as "Landlord"). Count Three alleges that the Landlord retaliated against Plaintiff for complaining of defective conditions at Unit 1. See ¶ 91. Count Four alleges that the Landlord discriminated against the Plaintiff by seeking to withdraw from the rental assistance program. *See* ¶ 95; *see also* ¶ 36 (describing Landlord's actions). Similarly, Count Thirteen alleges that the Landlord violated the Consumer Protection Statute in the course of renting Unit 1 to the Plaintiff. *See* ¶ 154-157.

None of the allegations in Counts Three, Four and Thirteen relate to conduct on the part of the Defendant or to any relationship between the Plaintiff and Defendant. Therefore, Defendant moves that this Honorable Court dismiss Counts Three, Four and Thirteen as to Defendant.

WHEREFORE, Defendant moves that this Honorable Court dismiss as to the Defendant Counts 1, 2, 3, 4, and 13 of the above entitled action pursuant to Mass. R.Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted. In the alternative, Defendant moves that this Honorable Court treat this motion as one for partial summary judgment, pursuant to Mass. R. Civ. P. 56.

The Defendant,
**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF10, AND AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF10 AS TRUSTEE FOR THE 11 ROXTON STREET CONDOMINIUM,**

By its attorney

Shiva Karimi, Esq.
**KARIMI & ASSOCIATES, PC**
268 Summer Street
Boston, Massachusetts 02110-1108
Telephone      (617) 292-3636
Facsimile      (617) 292-0019
BBO No. 642332

Dated: February 16, 2010

CERTIFICATE OF SERVICE

I, Shiva Karimi, Esq. hereby certify that I served a true copy of:

1.  MOTION TO DISMISS BY DEFENDANT, U.S. BANK NAITOINAL ASSOCIATION, AS TRUSTEE

by mailing a true copy of the same, postage prepaid, to:

<u>Plaintiff, Alana Waldholz, Individually and as natural parent and next friend of Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan to:</u>
 Volunteer Lawyers Project
 Attn: Edward A. Rice, Esq.
 99 Chauncy Street, Suite 400
 Boston, MA 02111
 Fax: 617-423-0061

<u>Plaintiff, Alana Waldholz, Individually and as natural parent and next friend of Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan to:</u>
 Jonathan Mace Bent, Esq
 8 Faneuil Hall Marketplace, 3rd Floor
 Boston, MA 02109

<u>Defendant, Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006, AND as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLNI, Trustee for the 11 Roxton Street Condominium to:</u>
 Richard C. Demerle
 Michienzie & Sawin LLC
 745 Boylston Street
 Boston MA 02116
 Fax: 617-227-5882

<u>Defendant, Sirewl Cox, Individually and as Trustee for the 11 Roxton Street Condominium to:</u>
 Sirewl Cox
 48 Moreland Street
 Boston, MA 02119

<u>Defendant, Sabrina Gordon, Individually and as Trustee for the 11 Roxton Street Condominium to:</u>
 Sabrina Gordon
 5 Leavitt Place, No. 2
 Brockton, MA 02301

5

<u>Defendant, Bank of America to</u>:
Bank of America
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

_____        _____2/16/10_____
Shiva Karimi, Esq.                       Date