COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

Suffolk, ss

HOUSING COURT DEPARTMENT
DOCKET NO: 09 CV 00162

Alana Waldholz *et. al.*
    Plaintiffs,

vs.

Wilshire Credit Corporation as
Attorney in Fact for LaSalle Bank N.A.,
as Trustee for the MLMI Trust Series
2006-MLN1; *et. al.*
    Defendants

## PLAINTIFFS' SECOND MOTION TO COMPEL AND FOR SANCTIONS

The Plaintiffs, through undersigned counsel, hereby moves this Court pursuant to Rules of Civil Procedure, Rule 37(a) and 37(b) and for an order to compel responses to the Plaintiffs' discovery Request for Production of Documents and Interrogatories. As grounds for this motion the Plaintiffs state:

1. The Plaintiffs' Request for Production of Documents were filed and served on Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLN1 (Wilshire) on October 16, 2009.

2. The Plaintiffs' Corrected Interrogatories were filed and served on Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLN1 (Wilshire) on October 19, 2009.

3. On November 16, 2009, Attorney for Wiltshire filed boilerplate, identical objections to each of the Plaintiffs' requests. The consistent theme of the objections was that Wiltshire was not responding to the requests because of Wiltshire's pending motion to dismiss.

4. On November 18, 2009, Attorney for Plaintiffs conferred with Attorney for Wilshire and was unable to reach an agreement regarding Plaintiffs Request for Production of Documents.

5. On November 25, 2009, Plaintiffs filed their First Motion to Compel. Attached to the motion are Wiltshire's objection to Plaintiffs Request for Production.

6. In a letter dated November 30, 2009, Attorney for Wilshire unilaterally granted himself an extension on the deadline to respond to Plaintiffs' Corrected Interrogatories and indicated the interrogatories would be provided on December 21, 2009. In an email dated December 2, 2009, Attorney for Plaintiff's agreed to the extension. **(ATTACHED)**

7. A hearing was scheduled for December 21, 2009 on Plaintiffs First Motion to Compel.

8. At the hearing on December 21, 2009, the Attorney for Wiltshire indicated that he was in the process of preparing Wiltshire's discovery responses and would deliver them to the Plaintiffs after the court had ruled on Wiltshire's motion to dismiss.

9. To date, Attorney for Wilshire has not provided any response to discovery requests.

10. Attorney for Plaintiffs again contacted Attorney for Wiltshire by email on January 26, 2010 to inquire as to the status of Wiltshire's discovery responses. **(ATTACHED)** Two days later, the Attorney for Wiltshire replied to the email with no clear explanation as to when the discovery responses would be prepared.

11. The Attorney for Wiltshire has not contacted the Plaintiffs Attorneys regarding the discovery requests subsequent to the January 28th email.

12. The Plaintiffs are entitled to a response to discovery in order to prepare Plaintiffs' case and the Defendant Wilshire has failed to file responses thereto.

13. Wilshire did not produce any of the requested Documents in response to Plaintiffs' request for production as promised at the hearing on December 21, 2009.

14. Wiltshire has not produced any responses or objections to Plaintiff's corrected interrogatories propounded on Wiltshire on October 17, 2009.

15. At a hearing on December 21, 2009, Attorney for Wilshire indicated that he was preparing responses to the Defendants request for production and interrogatories and that same would be forthcoming.

WHEREFORE, the Plaintiffs respectfully request that this Court order Defendant Wilshire to respond to both Plaintiff's Request for Production of Documents and Plaintiffs' Corrected Interrogatories.

The Plaintiffs further request that Wiltshire bear the costs of the filing of this motion and pay to Plaintiff's Attorney fees for costs of preparing and litigating this motion to compel and for sanctions.

The Plaintiffs further respectfully request the court sanction Wiltshire for its failure to comply with discovery by:

**(A)** entering an order that the facts and subject matter of the Request for Production of Documents and Plaintiffs' Corrected Interrogatories shall be taken to be established for the purposes of the action in accordance with the claim of the Plaintiffs;

**(B)** entering an order disallowing Wiltshire from offering any documentary evidence in opposition to any of the Plaintiffs designated claims or defenses, and prohibiting Wiltshire from introducing any documentary evidence;

**(C)** An order striking Wiltshire's answer and counterclaims or parts thereof, or staying further proceedings until Wiltshire complies with the discovery requests by a date certain, or dismissing the action or proceeding or any part hereof in favor of the Plaintiffs, or rendering a judgment by default against Wiltshire; and

**(D)** In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey and the contemptuous, disingenuous misrepresentations made by Wiltshire's Attorneys regarding Wiltshire's production of documents and responses to interrogatories.

Respectfully Submitted
Alana Waldholz, et. al.
by their attorney,

*[signature]*

Jonathan Bent
BBO # 661349
8 Faneuil Hall Marketplace,
3rd Floor
Boston MA 02109
617.532.0797

Dated: February 26, 2010

## CERTIFICATE OF SERVICE

Certification is hereby made that a copy of this Second Motion to Compel and For Sanctions and attachments has been this day served on:

Defendant Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLN, by mailing a copy hereof, postage pre-paid, to it's attorney Richard Demerle, Esq., 745 Boylston Street, Boston, MA 02116.

Defendant U.S. Bank National Association, as Trustee, by mailing a copy hereof, postage pre-paid, to it's attorney Shiva Karimi, Esq., 268 Summer Street, Lower Level, Boston MA 02210-1108.

Defendant, Sirewl Cox, by mailing a copy hereof, postage pre-paid, to 48 Moreland Street, Boston MA 02119.
Defendant, Sabrina Gordon, by mailing a copy hereof, postage pre-paid, to 5 Leavitt Place, No. 2, Brockton MA 02301.

Defendant, Bank of America, by mailing a copy hereof, postage pre-paid, to 150 Fayetteville Street, Raleigh NC 27601.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26th DAY OF February, 2010.

**Michienzie & Sawin LLC**

Richard Demerle
745 Boylston Street
Boston, Massachusetts
02116-3636

Telephone
617 227-5660

Facsimile
617 227-5882

Email
rd@masatlaw.com

November 30, 2009

**BY FIRST-CLASS MAIL**

Jonathan Bent, Esq.
8 Faneuil Hall Marketplace
3rd Floor
Boston, MA 02109

Re:   Waldholz, et al. v. Wilshire Credit Corporation, et al.
      <u>11 Roxton Street, Unit 1, Dorchester, Massachusetts</u>

Attorney Bent:

As you know, this office represents Wilshire Credit Corporation as servicer for LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-MNLI ("**Wilshire**"), the former owner of 11 Roxton Street, Unit 1, Dorchester, Massachusetts. You represent the plaintiffs in the above-referenced action, currently pending in Boston Housing Court. I am in receipt of your <u>Plaintiff's Corrected Interrogatories to Defendant LaSalle Bank NA as Trustee for the MLMI Trustee Series 2006-MLNI as Serviced by Wiltshire Credit Corporation</u> (sic) (the "**Interrogatories**"), dated October 19, 2009.

Wilshire is still compiling certain categories of documents that may include information that would be responsive to the Interrogatories. As such, I would ask that Wilshire have an additional three (3) weeks to respond to the Interrogatories. I called your office earlier today to speak with you about this matter. If I do not hear from you, I will presume that Wilshire can have the additional time and respond to the Interrogatories by Monday, December 21, 2009. As the discovery deadline in this case does not fall until June 18, 2010 and as Wilshire has its motion to dismiss pending with the Housing Court, this request will not prejudice your clients.

With kindest regards.

Yours truly,

Richard C. Demerle

RCD/pb
071200E
cc:   Paul Michienzie, Esq.

{00206978.DOC}

# Jonathan M. Bent, Esq.

**From:** Jonathan M. Bent, Esq. [jonathan.bent@jmbatlaw.com]
**Sent:** Wednesday, December 02, 2009 11:00 PM
**To:** 'rd@masatlaw.com'
**Cc:** 'Ed Rice'
**Subject:** Waldholz

Attorney Demerle:

I am in receipt of your letter dated 11/30/2009.

Plaintiffs' agree to allow your clients an extension until 12/21/2009 to respond to Plaintiffs' Interrogatories.

Best,
JMB
617.331.2366

Confidentiality Notice: the information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachments for any purpose, nor disclose all or any part of the contents to any other person.

## Jonathan M. Bent, Esq.

**From:** jmbent@tmo.blackberry.net
**Sent:** Thursday, January 28, 2010 1:55 PM
**To:** Richard Demerle; Jonathan M. Bent, Esq.
**Subject:** Re: Waldholz - Discovery

Attorney Demerle:
I have spoken with Attorney Rice and we are not willing to grant an extension on the court ordered deadline to file an answer to the complaint. I will be unavailable to speak by phone today, however you can give Attorney Rice a call.
Regards,
JMB
617.331.2366

Sent via BlackBerry from T-Mobile

---

**From:** "Richard Demerle" <rd@MASATLAW.com>
**Date:** Thu, 28 Jan 2010 13:59:48 -0500
**To:** Jonathan M. Bent, Esq.<jonathan.bent@jmbatlaw.com>
**Subject:** RE: Waldholz - Discovery

Attorney Bent:

I suggest we speak about this issue by phone. I would talk with you today but I have to draft an answer to a complaint. (Opposing counsel would not give me the extension that I asked for.) Feel free to contact me tomorrow.

With kindest regards.

---

Richard C. Demerle, Esq.
Michienzie & Sawin, LLC
745 Boylston Street
Boston, MA 02116
(617) 227-5660
www.michienziesawin.com
www.linkedin.com/in/demerle

The information contained in this e-mail message is intended for the use of the individual or entity named above only, and may be protected from disclosure under applicable state and/or federal law. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (617) 227-5660, and delete the original message.

1

**From:** Jonathan M. Bent, Esq. [mailto:jonathan.bent@jmbatlaw.com]
**Sent:** Tuesday, January 26, 2010 8:14 AM
**To:** Richard Demerle
**Cc:** 'Ed Rice'
**Subject:** Waldholz - Discovery

Attorney Demerle:

I hope you are doing well. I am writing to inquire about the interrogatory responses that you had agreed to provide to us on December 21, 2009.

You had previously indicated we would have responses to our interrogatories, and that you were working with your client's to get them ready.

The plaintiffs will not be willing to give you any additional time to respond to these requests. If you cannot or will not provide us with responses to the interrogatories, plaintiffs will file another motion to compel discovery with the court.

We await your prompt reply.

Sincerely,
Jonathan Bent
617.331.2366

Confidentiality Notice: the information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachments for any purpose, nor disclose all or any part of the contents to any other person.

## Jonathan M. Bent, Esq.

**From:** Richard Demerle [rd@MASATLAW.com]
**Sent:** Thursday, January 28, 2010 2:00 PM
**To:** Jonathan M. Bent, Esq.
**Subject:** RE: Waldholz - Discovery

Attorney Bent:

I suggest we speak about this issue by phone. I would talk with you today but I have to draft an answer to a complaint. (Opposing counsel would not give me the extension that I asked for.) Feel free to contact me tomorrow.

With kindest regards.

---

Richard C. Demerle, Esq.
Michienzie & Sawin, LLC
745 Boylston Street
Boston, MA 02116
(617) 227-5660
www.michienziesawin.com
www.linkedin.com/in/demerle

The information contained in this e-mail message is intended for the use of the individual or entity named above only, and may be protected from disclosure under applicable state and/or federal law. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (617) 227-5660, and delete the original message.

---

**From:** Jonathan M. Bent, Esq. [mailto:jonathan.bent@jmbatlaw.com]
**Sent:** Tuesday, January 26, 2010 8:14 AM
**To:** Richard Demerle
**Cc:** 'Ed Rice'
**Subject:** Waldholz - Discovery

Attorney Demerle:

I hope you are doing well. I am writing to inquire about the interrogatory responses that you had agreed to provide to us on December 21, 2009.

You had previously indicated we would have responses to our interrogatories, and that you were working with your client's to get them ready.

The plaintiffs will not be willing to give you any additional time to respond to these requests. If you cannot or will not provide us with responses to the interrogatories, plaintiffs will file another motion to compel discovery with the court.

1

We await your prompt reply.

Sincerely,
Jonathan Bent
617.331.2366

Confidentiality Notice: the information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachments for any purpose, nor disclose all or any part of the contents to any other person.

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

Suffolk, ss                                    HOUSING COURT DEPARTMENT
                                               DOCKET NO: 09 CV 00162

| Alana Waldholz *et. al.* |
| Plaintiffs, |
| vs. |
| Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLN1; *et. al.* |
| Defendants |

AFFIDAVIT OF JONATHAN MACE BENT
IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL AND FOR SANCTIONS

I, Attorney Jonathan Mace Bent, upon oath depose and say as follows:

1. I am an attorney representing Allana Waldholz, plaintiff in the above-captioned matter. I am a member of the Bar of the Commonwealth of Massachusetts and practice out of The Law Office of Jonathan Mace Bent at 8 Faneuil Hall Marketplace, 3rd Floor, Boston Massachusetts 02109.

2. On November 18th, 2009, I spoke to attorney Demerle regarding his objections to Plaintiff;s request for production of documents propounded on his client Wiltshire. He adamantly refused to produce any documents.

3. On November 25th, 2009, I prepared and filed a motion to compel responses to Plaintiff's requests for production propounded on defendant Wiltshire.

4. On December 2nd, 2009, I received a letter from Attorney Demerle dated November 30th, 2009 in which he indicated that he would produce responses to Plaintiff's interrogatories propounded on Wiltshire on December 21, 2009. The letter indicated that if Attorney Demerle did not hear back from me, he would assume Plaintiff's had agreed to the extension.

5. On December 2nd, 2009, I sent an email granting Attorney Demerle an extension on the time in which to reply to Plaintiff's interrogatories.

6. On December 21st, 2009, Attorney Demerle indicated that he was in the process of preparing the discovery responses.

7. On January 26th, 2010, I sent an email to Attorney Demerle requesting responses to the discovery requests. In the email I indicated that if Attorney Demerle did not produce the requested materials, Plaintiffs would file a second motion to compel.

8. On January 28th, 2010, Attorney Demerle responded to my email dated January 26th indicating he would not be responding to our discovery requests. In his email, Attorney Demerle seems to be indicate that he is too busy to reply to the discovery requests because he has to prepare an answer to a complaint. At the time of this email, Attorney Demerle had requested an extension from myself and Attorney Rice regarding the answer to the complaint in the case at bar. I replied to his email and requested he contact attorney Rice.

Signed under the pains and penalties of perjury this 26th day of February, 2010.

_____
Jonathan Mace Bent