UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALANA WALDHOLZ INDIVIDUALLY AND AS NATURAL PARENT AND NEXT FRIEND OF D.R., J.O., and J.M.,     Plaintiffs, <br><br> v. <br><br> WILSHIRE CREDIT CORPORATION AS ATTORNEY IN FACT FOR LASALLE BANK, N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-MLN1; <br> WILSHIRE CREDIT CORPORATION AS ATTORNEY IN FACT FOR LASALLE BANK, N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-MLN1, TRUSTEE OF THE 11 ROXTON STREET CONDOMINIUM; <br> U.S. BANK N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF10; and <br> U.S. BANK N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF10, TRUSTEE OF THE 11 ROXTON STREET CONDOMINIUM, <br>     Defendants. | Civil Action No. 11-10434-PBS |

**PLAINTIFFS' STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS**

Plaintiffs in the above-entitled action submit the following statement of disputed and undisputed material facts, together with references to the evidence relating to those facts, in opposition to the motion for summary judgment filed by Bank of America, and in support of the Plaintiffs' cross-motion for summary judgment.

The Plaintiffs' numbers here track Bank of America's Statement of Undisputed facts and numbers 1 – 28 are in reply to Banks of America's proposed facts. Numbers 29- 36 are Plaintiffs' statement of undisputed material facts.

**PLAINTIFFS' RESPONSE TO BANK OF AMERICA'S STATEMENT**

1.    Plaintiff Alana Waldholz filed this action on behalf of herself and her minor children

regarding their occupancy of the 11 Roxton Street, Unit 1, Dorchester, Suffolk County, Massachusetts (the "Property").

   Response No. 1:  Admitted.

2.   Ms. Waldholz leased the Property from Larneshia Alexander, the former owner.

   Response No. 2:  Admitted.

3.   Plaintiffs never entered into a lease agreement with LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-MLN1("LaSalle Bank") or Wilshire Credit Corporation ("Wilshire") - Bank of America's predecessor-in-interest.

   Response No. 3:  Objection.  This is a conclusory statement involving fact and application of law.  Without waiving said Objections, and to the extent that a response is required, the Platinffs answer as follows: Denied.

4.   LaSalle Bank was the assignee of Ms. Alexander's mortgage on the Property.

   Response No. 4:  Admitted for the limited purpose of Summary Judgment.

5.   Ms. Alexander defaulted on her mortgage.

   Response No. 5:  Admitted for the limited purpose of Summary Judgment.

6.   On April 24, 2008 LaSalle Bank foreclosed its mortgage and purchased the Property at the resulting foreclosure sale.

   Response No. 6:  Denied.[1]

7.   As of April 24, 2008 LaSalle Bank owned the Property.

---

[1] [Exhibit 3] *Answer, Counterclaim and Crossclaims of Wilshire Credit Corporation*, dated January 28, 2010 at p.3. ¶15, p.24 ¶3 ("On April 24, 2008, Wilshire purchased Unit 1 at a foreclosure sale for $104,400.00), and p26 ¶13 ("On April 24, 2008, Wilshire purchased Unit 1 at a foreclosure auction and took title to Unit 1. Therefore as of April 24, 2008, plaintiff Alana Waldholz was tenant of Unit 1." ).

Response No. 7: Denied.[2]

8. Wilshire never owned the Property.

  Response No. 8: Denied.[3]

9. Plaintiffs lived at the Property from April 24, 2008 until December 12, 2008.

  Response No. 9: Objection. Defendants fail to support this statement as required under the Rules. This is a conclusory statement, involving fact and application of law. The word "lived" is undefined and ambiguous. Without waiving said Objections, and to the extent that a response is required, Plaintiffs answer as follows: Admitted for the limited purposes of summary judgment.

10. Wilshire serviced the Alexander loan for LaSalle Bank.

  Response No. 10: Objection: The term "Alexander loan" is vague and not defined. Without waiving said Objections, and to the extent that a response is required, Plaintiffs answer as follows: Admitted.

11. LaSalle Bank commenced an eviction action after the foreclosure of its mortgage on the Property.

  Response No. 11: Objection: The terms "commenced an eviction action" and "its mortgage" are vague and not defined and call for a legal conclusion. Without waiving said Objections, and to the extent that a response is required, Plaintiffs answer as follows:

---

[2] [Exhibit 4] *Motion to Deem Civil and Consolidate* allowed April 28, 2009 Muirhead, J. in *Inspectional Services Department of The City of Boston v. Wilshire Credit Corporation as Servicer for LaSalle bank, N.A. as Trustee For the MLMI Trust Series 2006-MLN1 and Jay Memmott, President* Case Nos. 09-CR-000118 and 09-CR-000119 Housing Court Department (Boston 2009) and [2][Exhibit 5] *Stipulation* June 5, 2009 *Inspectional Services Department of The City of Boston v. Wilshire Credit Corporation as Attorney in Fact for LaSalle bank, N.A. as Trustee For the MLMI Trust Series 2006-MLN1* Case Nos. 09H84CV000285 and 09H84CV000286 Housing Court Department (Boston 2009).

[3] *Id*.

Admitted for the limited purpose of summary judgment.

12. Wilshire, on behalf of LaSalle Bank, sent its first set of notices to quit to obtain possession of the Property on or about June 18, 2008.

   <u>Response No. 12</u>: Objection. This is a conclusory statement, involving fact and application of law and Defendant's motivation. Further the term "notices to quit" is undefined and generally requires a legal conclusion as to the sufficiency of a document to qualify as a "notice to quit". Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Denied.

13. The notices to quit referenced in paragraph 12 indicate the reason LaSalle Bank sought to evict the occupants was because they remained in possession after the foreclosure sale.

   <u>Response No. 13</u>: Objection. This is a conclusory statement, involving fact and application of law. Further the term "notices to quit" is undefined and generally requires a legal conclusion as to the sufficiency of a document to qualify as a "notice to quit". Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Denied, except to admit for the limited purpose of summary judgment that the referenced documents in Bank of America's Exhibit 11 state "The reason for this notice is that you continue to hold over and occupy."

14. However, the resulting summary process action was dismissed on procedural grounds.

   <u>Response No. 14</u>: Objection. This is a conclusory statement, involving fact and application of law. Further the term "on procedural grounds" is undefined and generally requires a legal conclusion. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: admitting to the dismissal for the limited purpose of summary judgment.

15. Then Wilshire, again on behalf of LaSalle Bank, served another notice to quit dated December 8, 2008, but (1) that notice to quit indicates the reason LaSalle Bank wished to obtain possession of the Property was to "market and sell the property" and (2) service of the notice to quit was not made until after the December 12, 2008 fire that caused Plaintiffs to vacate the Property.

Response No. 15: Objection. This is a conclusory statement, involving fact and application of law. Further the term "notices to quit" is undefined, and generally requires a legal conclusion as to the sufficiency of a document to qualify as a "notice to quit". Likewise the terms "served" and "service" are undefined, and generally require a legal conclusion as to the sufficiency under the rules. Additionally, the term "vacate" is undefined and generally requires a legal conclusion as to possession. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Denied, except to admit for the limited purpose of summary judgment that the referenced documents in Bank of America's Exhibit 12 state "market and sell the property."

16. The December 12, 2008 fire damaged the building containing the Property.
Response No. 16: Admitted.

17. The Boston Fire Department ordered the occupants of the building, including Plaintiffs, to vacate.

Response No. 17: Objection. The term "vacate" is undefined. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Admitted for the limited purpose of summary judgment.

18. LaSalle Bank sold the Property on July 15, 2009.
Response No. 18: Denied.[4]

---

[4] [Exhibit 3] *Answer, Counterclaim and Crossclaims of Wilshire Credit Corporation*, dated January 28, 2010 p.26 ¶18

19.     Bank of America's counsel sent to Plaintiffs' counsel a set of requests for admission pursuant to Mass.R.Civ.P. 36(a).

>       <u>Response No. 19</u>:  Objection. This is a conclusory statement, involving fact and application of law. Further the term "requests for admissions" is undefined, and generally requires a legal conclusion as to the sufficiency under the rules, see Plaintiffs' motion on the "request for admissions" for further discussion. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Denied, except to admit for the limited purpose of summary judgment that Plaintiffs' take counsel for Bank of America at their word that they sent the document included in Bank of America's Exhibit 10.

20.     The Plaintiffs' deadline to respond to the requests for admission was, at the latest, June 21, 2010.

>       <u>Response No. 20</u>:  Objection. This is a conclusory statement, involving fact and application of law. Further the term "requests for admissions" is undefined and generally requires a legal conclusion as to the sufficiency under the rules, see Plaintiffs' motion on the "request for admissions" for further discussion. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Denied.

21.     As of the date of this motion, Plaintiffs have not responded to these requests.

>       <u>Response No. 21</u>:  Objection. This is a conclusory statement, involving fact and application of law. Further the term "these requests" is undefined and generally requires a legal conclusion as to the sufficiency under the rules, see Plaintiffs motion on the "request for admissions" for further discussion. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Admitted for the limited purposes of summary judgment.

22.     Plaintiffs have not sought any extension of the response deadline for Bank of America's

requests for admission.

    Response No. 22:  Objection. This is a conclusory statement, involving fact and application of law. Further the term "requests for admission" is undefined and generally requires a legal conclusion as to the sufficiency under the rules, see Plaintiffs motion on the "request for admissions" for further discussion. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Denied.

23.    Plaintiffs fail to allege that Wilshire, as loan servicer, caused "severe emotional distress" let alone engaged in "extreme and outrageous" behavior.

    Response No. 23:  Objection. This is a conclusory statement, involving fact and application of law. Further this statement requires a legal conclusion as to the allegations in the Complaint regarding emotional distress. Without waiving said objections, and to the extent that a response is required, Paintiffs answer as follows: Denied.[5]

24.    Although Plaintiffs' answers to Bank of America's interrogatories describe the alleged emotional damages at length, they fail to explain why or how Wilshire is allegedly responsible in causing Plaintiffs' alleged emotional distress.

    Response No. 24:  Objection. This is a conclusory statement, involving fact and application of law. Further this statement requires a legal conclusion as to the allegations in the Complaint regarding emotional distress. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Denied.[6]

25.    Plaintiffs' basis for their negligence counts against Bank of America is the repeated positioning of Bank of America into LaSalle Bank's role.

---

[5] See Bank of America Exhibit 9, *Plaintiffs' Answers to Interrogatories*, Answer 4,10, and 11. See *First Amended Complaint*, counts for emotional distress at 99-105, and 106-126 as to minor children.

[6] See Bank of America Exhibit 9, *Plaintiffs' Answers to Interrogatories*, Answer 4, 7, 10, and 11. See *First Amended Complaint*, counts for emotional distress at 99-105, and 106-126 as to minor children.

Response No. 25: Objection. This is a conclusory statement, involving fact and application of law. Further this statement requires a legal conclusion as to the allegations in the Complaint regarding negligence. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Denied.[7]

26. Plaintiffs refer to the First Amended Complaint, their G.L. c. 93A letter, and other items identified in discovery as the basis for their negligence claims.

Response No. 26: Objection. This is a conclusory statement, involving fact and application of law. Further this statement requires a legal conclusion as to the allegations in the Complaint regarding negligence. Additionally "other items identified in discovery" is vague. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Admitted for the limited purposes of summary judgment.

27. Plaintiffs claim "Wilshire had an obligation to keep my apartment fixed."

Response No. 26: Admitted.

28. Plaintiffs make their repeated reference to the facts in the First Amended Complaint, their G.L. c. 93A letter, and other items identified in discovery as the basis for their G.L. c. 93A claim.

Response No. 28: Objection. This is a conclusory statement, involving fact and application of law. Further this statement requires a legal conclusion as to the allegations in the Complaint regarding the 93A claims. Additionally "other items identified in discovery" is vague. Without waiving said objections, and to the extent that a response is required, Plaintiffs answer as follows: Admitted for the limited purposes of summary judgment.

---

[7] See Bank of America Exhibit 9, *Plaintiffs' Answers to Interrogatories*, Answer 4, 7, and 12. See *First Amended Complaint*, counts for negligence at ¶¶127-132, and ¶¶133-153 as to minor children.

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Definition: "Unit 1" refers to Unit 1 at 11 Roxton Street in Boston Massachusetts.

29. Plaintiffs, Alana Waldholz and her children rented Unit 1 at 11 Roxton Street in Boston Massachusetts in 2007 under a Section 8 lease with the then owner Larneshia Alexander.[8]

30. On April 24, 2008, Wilshire purchased Unit 1 at a foreclosure sale for $104,400.00.[9]

31. On April 24, 2008, Wilshire purchased Unit 1 at foreclosure auction and took title to Unit 1.[10]

32. Wilshire agreed to repair Unit 1 to remedy the violations of the State Sanitary Code that the City of Boston identified in its code violation citations.[11]

33. Wilshire has stipulated to its responsibility to repair Code violations in Unit 1 including a list of 24 violations filed with the court.[12]

34. Wilshire had the obligation to protect and conserve Unit 1 post-foreclosure though July, 15, 2009.[13]

---

[8] [Exhibit 11] Affidavit of Plaintiff Alana Waldholz.

[9] [Exhibit 3] *Answer, Counterclaim and Crossclaims of Wilshire Credit Corporation*, 1:11-cv-10434 Document 7-24 filed 05/16/11, at p. 24 ¶3

[10] *Id*. at p. 26 ¶13.

[11] [Exhibit 5] <u>Stipulation</u> at p. 2 ¶4 *Inspectional Services Department of The City of Boston v. Wilshire Credit Corporation as Attorney in Fact for LaSalle bank, N.A. as Trustee For the MLMI Trust Series 2006-MLN1* Case Nos. 09H84CV000285 and 09H84CV000286 Housing Court Department (Boston 2009)..

[12] *Id*. at Exhibit B.

[13] [Exhibit 2] *Pooling and Servicing Agreement* produce by Wilshire in *Supplemental Responses of Successor to Wilshire Credit Corporation to Plaintiffs' Request for Production of Documents* dated May 4, 2012 at Response 4.

35. Wilshire could have rented Unit 1 during the period post-foreclosure though July, 15, 2009.[14]

36. Wilshire sold Unit 1 on July 15, 2009. .[15]

                    Plaintiffs Alana Waldholz and her children
                    By their attorney,

                    /s/ Ed Rice
                    Edward Rice Esq.
                    BBO# 637513
                    45 Pierce Street
                    Malden MA 02148
                    Tel. 617.475.0909
                    Ed@EdRiceLaw.com

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).
        /s/ Ed Rice
        Edward Rice

---

[14] *Id*.

[15] [Exhibit 3] *Answer, Counterclaim and Crossclaim of Wilshire Credit Corporation* p. 26 at ¶ 18.